**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.**

ALRAYMAR, LLC, a Florida limited liability
company,

      *Plaintiff*,

v.

UNIVERSAL STEEL BUILDINGS CORP
(d/b/a Olympia Steel Buildings), a
Pennsylvania corporation,

      *Defendant*.

_____/

## <u>COMPLAINT</u>

Plaintiff Alraymar, LLC brings this suit against Defendant Universal Steel Buildings Corp. (d/b/a Olympia Steel Buildings) (referred to throughout as "Olympia Steel") pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and alleges the following:

### INTRODUCTION

1.    This case involves the botched delivery of a steel building and so-called "Special Products" that Olympia Steel agreed to deliver to Plaintiff by August 2, 2021, pursuant to a Settlement and Mutual Release Agreement that the parties entered into on May 10, 2021 (referred to throughout as the "Settlement Agreement") (attached hereto as **Exhibit 1**).[1]

---

[1] All capitalized terms are defined in the Settlement Agreement and the Purchase Order between Plaintiff and Olympia Steel, dated October 16, 2020 (the "Purchase Order") (attached hereto as **Exhibit 2**).

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

2.      The August 2, 2021 delivery deadline was the culmination of months of negotiations between the parties to resolve Plaintiff's claims against Olympia Steel for fraudulent inducement and other claims under the consumer protection statutes of Florida and Pennsylvania.

3.      Although Olympia Steel represented on July 13, 2021 that "arrangements have been confirmed to deliver the building, doors, and insulation at the delivery location specified in the Settlement Agreement between July 26 and 31, 2021," Olympia Steel never made that delivery.

4.      Instead, Olympia Steel aborted the planned delivery on July 29 when it discovered that the doors to the steel building that Olympia Steel was set to deliver were incompatible with the specifications of the steel building.

5.      Despite numerous requests to provide an estimated delivery date, Olympia Steel has supplied none.

6.      Olympia Steel's failure to perform under the Settlement Agreement prompted this suit.

## PARTIES

7.      Plaintiff Alraymar, LLC is a Florida limited liability company with a principal place of business in Miami Beach, Florida.

8.      Defendant Universal Steel Buildings Corp. is a Pennsylvania corporation with a principal place of business in McKees Rock, Pennsylvania.

## JURISDICTION, VENUE & APPLICABLE LAW

9.      The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties and the value of the relief Plaintiff seeks exceeds $75,000.

10.      Venue is proper, as the parties stipulated that Plaintiff may bring suit to enforce the Settlement Agreement against Olympia Steel in the Southern District of Florida.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

11.     The Settlement Agreement is governed by the laws of Pennsylvania.

12.     All conditions precedent to bringing this action have been performed or waived.

**FACTUAL BACKGROUND**

A.      **Olympia Steel Misrepresents Material Facts to Plaintiff in Selling Plaintiff a Steel Building and Special Products**

13.     On October 16, 2020 Plaintiff entered into a Purchase Order with Olympia Steel.

14.     Pursuant to the Purchase Order, Alraymar agreed to pay $102,425.00 and Olympia Steel agreed to deliver a Steel Building, Insulation and Overhead Doors to Alraymar that complied with the applicable building code by sometime in December 2020.

15.     Olympia Steel touted itself as providing "Single Source Accountability" on all of its projects, and that "the metal buildings it sells are designed and manufactured in *its* state-of-the-art facility":

> Olympia Steel Buildings are cost-effective and are flexible in designs. They are designed to suit your budget requirement. Unlike most other companies, Olympia Steel Buildings provides you the best price up front.
>
> The quality products that Olympia Steel Buildings offer can save you up to 50% of money spent in conventional construction method.
>
> The metal buildings it sells are designed and manufactured in its state-of-the-art facility with experienced and professional engineers. The buildings are 100% American-made.

16.     The fact the entire building would be designed and built by the same source—and in a city renowned for steel manufacturing—induced Plaintiff to do business with Olympia Steel.

17.     Plaintiff would later discover that Olympia Steel never intended to manufacture the steel building it sold to Plaintiff; it intended to outsource that job to a different steel manufacturer in a different part of the United States, Whirlwind Steel Buildings & Components ("Whirlwind").

18.     Olympia Steel did not disclose to Plaintiff that outsourced Plaintiff's order to Whirlwind (or anyone).

19.     Nor did Olympia Steel disclose to Plaintiff that it would keep a percentage of the sales price, and give the balance to Whirlwind.

20.     Sometime after the parties entered into the Purchase Order, Plaintiff alerted Olympia Steel that certain specifications that Olympia Steel included in the purchase order—namely, the wind load for the steel panels—was inconsistent with the applicable building code. The applicable building code required that the building be constructed with a rating of Exposure D—not Exposure C, as provided in the Purchase Order.

21.     On or around December 18, 2021, the parties agreed to modify the Purchase Order to ensure that the specifications of the steel building met the applicable Florida Building Code.

**B.     Olympia Steel Alerts Plaintiff that it Inadvertently Failed to Order the Doors to the Building**

22.     Sometime in March 2021, Olympia Steel alerted Alraymar that, while the building was ready for delivery, the Special Products that are key components of the building—*i.e.*, the doors and insulation—were not ready for delivery.

23.     Olympia Steel acknowledged that, although the failure to order the doors and insulation was inadvertent, it contended that the Purchase Order nevertheless contemplated a staggered delivery of the steel building and Special Products.

24.     Alraymar disputed Olympia Steel's reading of the Purchase Order, and insisted that Olympia Steel deliver the building and Special Products at the South Florida delivery location at or around the same time. Alraymar reminded Olympia Steel that the parties always contemplated a coordinated delivery because Alraymar had to ship the building and Special Products to the ultimate construction site: Eleuthra, Bahamas.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

**C.      Plaintiff Discovers that Olympia Steel Did Not Manufacture the Steel Building**

25.      In the context of discussing a resolution to the parties' competing claims, Plaintiff unearthed a series of e-mails confirming that Olympia Steel did not manufacture the steel building Plaintiff contracted to buy—and never intended to do so. At that point, it became clear that all of the delays of the delivery of the building and Special Products were likely the result of the fact that Olympia Steel had virtually no control or involvement in the manufacturing process. Olympia Steel was, at most, a disguised broker.

26.      Upon making that discovery, Plaintiff threatened to bring common law and statutory claims against Olympia Steel for misrepresenting key facts that led to Plaintiff's purchase decision.

27.      The parties ultimately entered into a Settlement Agreement to resolve their differences.

28.      Among the most critical provisions of the Settlement Agreement was the concept that Olympia Steel had to "deliver the Steel Building, Insulation and Doors within twelve (12) weeks from the effective date of this Agreement."

29.      The effective date of the Settlement Agreement was May 10, 2021, making August 2, 2021, the delivery deadline.

**D.      Olympia Steel Represents in July 2021 that the Building, Insulation and Doors are Ready for Immediate Delivery**

30.      On July 13, 2021 Olympia Steel represented that the building, doors and insulation have been manufactured, and that Olympia Steel "will provide specific delivery dates for the building and all products included in the Purchase Order when they become available."

31.      On July 15, 2021, Olympia Steel asked Plaintiff to confirm its "intention to accept delivery as provided in the parties' Agreement."

-5-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

32.     On July 16, 2021, Plaintiff confirmed that it will accept delivery, but reserves all rights with respect to the building that Olympia Steel planned to deliver.

### E.     Olympia Reveals that it Cannot Perform Under the Settlement Agreement

33.     On July 21, 2021, during a phone conversation between representatives of Plaintiff, Whirlwind and Olympia Steel, the representative from Whirlwind indicated that he believed that there was a mismatch between the specifications of the building and those of the doors.

34.     On July 29, 2021, Olympia Steel acknowledged that "the previously ordered doors are not suitable that has been fabricated," and that it would ensure that "new doors [are] fabricated that are in line with the building manufacturer's chosen specifications and drawings." Although Olympia Steel offered to ship the building and insulation immediately—and the doors at a later date— Plaintiff reminded Olympia Steel that "a staggered delivery is unacceptable," and a breach of the Settlement Agreement.

35.     Plaintiff reached out on several occasions in August and September for a new delivery date, Olympia Steel was unable to provide one. Olympia Steel wrote that it was actively "working to secure the doors for the building and to deliver things in a coordinated fashion."

36.     As of the date of this filing, Olympia Steel has not delivered the building, the doors or the insulation in breach of the Settlement Agreement.

37.     In view of Olympia Steel's breach—and its failure to provide even a prospective delivery date— Plaintiff has initiated the process to purchase a comparable building and components from another supplier, albeit at a significantly higher price due to the staggering increase in the cost of steel.

38.     Plaintiff has retained the undersigned attorneys to represent Plaintiff in this action and has agreed to pay them reasonable attorneys' fees for their services in this cause.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON. P.A.

## COUNT I
## (BREACH OF THE SETTLEMENT AGREEMENT)

39.     Plaintiff re-alleges paragraphs 1 through 38 as if fully set forth herein.

40.     Olympia Steel materially breached the Settlement Agreement when it failed to deliver the "Steel Building, Insulation and Doors within twelve (12) weeks from the effective date of this Agreement.

41.     Plaintiff has suffered—and will continue to suffer—significant monetary harm as a result of Olympia Steel's breach.

**WHEREFORE** Plaintiff Alraymar, LLC respectfully requests that the Court:

(a)     Award Plaintiff all monetary damages caused by Olympia Steel's failure to perform under the Settlement Agreement, including but not limited to the costs of ordering a replacement of a comparable steel building, doors and insulation;

(b)     Award Plaintiff its attorneys' fees, costs and expenses under § 8 of the Settlement Agreement and other applicable laws; and

(c)     Award such other and further relief as may be just and proper.

Stearns Weaver Miller Weissler Alhadeff & Sitterson, p.a.

Dated: November 2, 2021

Respectfully submitted,

STEARNS WEAVER MILLER ALHADEFF
SITERRSON & WEISSLER P.A.

By: */s/ Albert D. Lichy*

Albert D. Lichy
Florida Bar No. 94272
alichy@stearnsweaver.com
150 West Flagler Street, Suite 2200
Miami, Florida 33130
(305) 789-3200 Telephone
(305) 789-3395 Facsimile

*Counsel to Alraymar, LLC*